UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| Dwayne Curtis Littlejohn,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Thumbtack, Inc.,<br><br>　　　　　　Defendant. | Case No. 25-cv-01065-WWB-MCR |

**DEFENDANT THUMBTACK INC.'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Defendant Thumbtack Inc. ("Thumbtack"), through undersigned counsel, hereby files its Reply in Support of its Motion to Compel Arbitration and Stay Proceedings. Plaintiff Littlejohn agreed to arbitrate disputes when he agreed to the November 2018 Terms of Use ("November 2018 TOU," Dkt. 8-1) and when he agreed to the November 2022 Terms of Use ("November 2022 TOU," Dkt. 8-2).  *See* Motion to Compel Arbitration and Stay Proceedings, Dkt. 7.  Nothing in his Opposition ("Opp.") undermines the dispositive facts that there was an agreement to arbitrate, and that the agreement applies to his claims.

**I.	Littlejohn Does Not Dispute the Existence or Scope of the Arbitration Provisions, or the Delegation to the Arbitrator**

The Opposition does not dispute the dispositive facts governing enforcement of the Arbitration and Class Action Waiver section in each of those agreements (the "Arbitration Provisions").  Littlejohn does not dispute that he assented to the November 2018 TOU when creating his Thumbtack account. Littlejohn also does not dispute that he assented to the November 2022 TOU by continuing to use the platform after the November 2022 TOU went into effect. Nor does Littlejohn claim that he opted out of the

1

Arbitration Provisions in either TOU. Thumbtack's argument that there is an agreement to arbitrate Plaintiff's claims is therefore unrebutted.

Furthermore, Plaintiff does not dispute that the broad terms of the Arbitration Provision in each TOU[1] encompass this dispute. Thumbtack's Arbitration Provisions are

> intended to be interpreted broadly and govern[ ] any and all disputes between us, including but not limited to claims arising out of or relating to any aspect of the relationship between us, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory . . . .

Dkt. 8-1 at 11; Dkt. 8-2 at 24.

The parties delegated all questions of interpretation, applicability, enforceability, and formation to the arbitrator.

> The arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve all disputes arising out of or relating to the interpretation, applicability, enforceability, or formation of these Terms or the Privacy Policy including but not limited to…whether a claim is subject to arbitration…

Dkt. 8-1 at 11; Dkt. 8-2 at 25.

Having left the existence and broad scope of the Arbitration Provisions unrebutted, the Opposition raises three arguments against enforcement of the Arbitration Provisions. Opp. 1-2. First, Littlejohn inaccurately asserts that he was given a "take it or leave it" offer regarding arbitration. Opp. 1. Second, Littlejohn argues that, due to the nature of his claims, public policy requires the Court to disregard the delegation provision and decide questions of arbitrability and enforceability. *Id.* at 1. Third, Littlejohn argues that the Arbitration Provisions can have no effect upon his claims from 2012-2018. *Id*. at 2.

---

[1] As set forth in Thumbtack's Motion to Compel Arbitration, Thumbtack's November 2018 TOU and November 2022 TOU include substantially identical arbitration provisions.

2

Littlejohn is legally and factually wrong on all three arguments. First, Littlejohn did not get a "take it or leave it offer," because he had 30 days to opt out of the Arbitration Provisions with each version of the TOU. Second, Littlejohn's choice of claims does not undo the parties' agreement to delegate all issues, including conscionability and enforcement of the agreements. Public policy is not offended by delegation because the very nature of arbitration allows for private resolution of disputes. And third, the plain language of the Arbitration Provisions applies their terms to the 2012-2018 claims.

## II.     ARGUMENT

### A. Plaintiff Does Not Dispute the Existence of a Contract, the Arbitration Provisions, or the Scope of the Delegation

Littlejohn does not dispute the fundamental questions of contract existence or the scope of the Arbitration Provision. In the Eleventh Circuit, "If the existence of the agreement is not genuinely disputed, the court must compel arbitration." *Lamonaco v. Experian Info. Sols., Inc.*, 141 F.4th 1343, 1347 (11th Cir. 2025).

### B. Questions of Enforcement Are Delegated to the Arbitrator

Instead of disputing the existence or scope of the Arbitration Provisions, Littlejohn attacks enforcement of the Arbitration Provisions. Opp. 1-2. However, the delegation clause leaves enforceability to arbitrator. Dkt. 8-1 at 11; Dkt. 8-2 at 25. Contrary to Littlejohn's assertion that the "Court must decide enforceability," *see* Opp. at 2, "[w]here the parties have agreed to arbitrate certain questions, it is the duty of the Court to enforce that agreement." *In re Checking Acct. Overdraft Litig.*, 856 F. App'x 238, 243 (11th Cir. 2021) (quoting *JPay, Inc. v. Kobel*, 904 F.3d 923, 928 (11th Cir. 2018). Delegation of threshold matters, such as enforcement, is an accepted practice. *Rimel v. Uber Techs., Inc.*, 246 F. Supp. 3d 1317, 1323 (M.D. Fla. 2017) (quoting *Parnell v. CashCall, Inc.*, 804

3

F.3d 1142, 1446 (11th Cir. 2015)). Accordingly, Littlejohn's arguments relating to enforceability of the Arbitration Provisions must be resolved by the arbitrator.

Littlejohn's Opposition is also incorrect to the extent he asserts that this Court must rule on unconscionability simply because Littlejohn raised the issue in his Opposition. The Arbitration Provisions delegate unconscionability to the arbitrator, and they do not become unenforceable just because Littlejohn raises unconscionability against their enforcement. *See* Opp. 2. Courts routinely decline to rule on issues of enforceability when parties have delegated issues like unconscionability to an arbitrator. *Garcia v. Deja Vu Showgirls of Tampa, LC*, 2016 WL 8939135, at *2 (M.D. Fla. Sept. 2, 2016) ("the questions of unconscionability lie beyond this Court's jurisdiction and are subject to the arbitrator's consideration"); *Pantoja v. Rent-A-Ctr., Inc.*, 2010 WL 3043430, at *2 (M.D. Fla. July 30, 2010) ("The parties clearly and unmistakably agreed that the arbitrator—and not the Court—would decide all questions regarding the arbitrability and enforceability of their agreement"); *Terminix Int'l Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332 (11th Cir. 2005) "(the parties clearly and unmistakably agreed that the arbitrator should decide whether the arbitration clause is valid.")

Because Littlejohn concedes that he is bound by the TOUs, which each include valid Arbitration Provisions delegating all issues relating to the "interpretation, applicability, enforceability, or formation" of the agreement, this Court must not rule upon unconscionability or any other issues Littlejohn raises against enforceability.

### C. Thumbtack's TOUs Are Not Unconscionable

To the extent this Court finds that it must rule on Littlejohn's claim of unconscionability, it should find that the TOUs are conscionable and therefore enforceable.

4

"Under Florida law, 'in order to invalidate an arbitration clause, the court must find that it is both procedurally and substantively unconscionable.'" *Amat v. Rey Pizza Corp.*, 204 F. Supp.3d 1359, 1364 (S.D. Fla. 2016); *Curbelo v. Autonation Ben. Co.*, 2015 WL 66765, at *3 (S.D. Fla. 2015)); *see also Golden v. Mobil Oil Corp.*, 882 F.2d 490, 493 (11th Cir. 1989) ("Both procedural unconscionability and substantive unconscionability must exist before the provision is unenforceable"). Procedural and substantive unconscionability investigate different elements of a contract.

> Procedural unconscionability refers to how the agreement to arbitrate was procured, which requires the court to consider factors such as the parties' relative bargaining power and their ability to understand the terms of the arbitration clause . . . In contrast, substantive unconscionability refers to the content of the arbitration clause itself, and requires the court to determine whether the terms of the clause are unreasonable or unfair.

*Howse v. DirecTV, LLC*, 221 F. Supp. 3d 1339, 1342 (M.D. Fla. 2016).

Here, Littlejohn asserts that the arbitration clause is unconscionable because it (1) was "presented as a 'take it or leave it contract of adhesion'", and (2) "shields Thumbtack while stripping Plaintiff's rights." Opp. 1. But neither the 2018 nor the 2022 Arbitration Provisions were presented in a "take it or leave it" fashion: Littlejohn, a business owner, had 30 days to opt out of the Arbitration Provisions. On both occasions, 2018 and 2022, he chose not to do so.

And Thumbtack is no more and no less "shielded" in arbitration than it would be in this Court. The Arbitration Provisions dictate *where* a dispute will be settled, but they do not change the substantive resolution of that dispute. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991) (agreement to arbitrate does not decide substantive rights, just where they are determined). Congress recognized that arbitration in front of

5

a neutral arbitrator is a fair way to resolve legal disputes, which is why it passed the Federal Arbitration Act.  And the Arbitration Provisions ensure that the arbitrator is exactly as empowered as a court would be, by giving the arbitrator broad authority "to grant whatever relief would be available in a court under law or in equity."  Dkt. 8-1 at 11; Dkt. 8-2 at 25.  Thumbtack receives no special protection in arbitration.

### i. The November 2018 TOU Are Not Unconscionable

The November 2018 TOU is not procedurally unconscionable because an arbitration opt-out was available and there was no unequal bargaining power.  Littlejohn had the opportunity to read the TOU via the hyperlink on sign-up, weigh the Arbitration Provisions over the next month, and decide whether to accept or opt out of the Arbitration Provisions.  *Temple v. Best Rate Holdings LLC*, 360 F. Supp. 3d 1289, 1305 (M.D. Fla. 2018) (rejecting procedural unconscionability argument where terms were hyperlinked and plaintiff had an opportunity to review).  If he had opted out of arbitration, he would still have been able to use Thumbtack's platform going forward without any change to his access.  *See Suarez v. Uber Techs., Inc.,* 2016 WL 2348706, at *4 (M.D. Fla. May 4, 2016) (enforcing arbitration provision where "Plaintiffs had the ability to reject the Arbitration Provision without consequence to their relationship with Defendant"). And even if he did not have that opportunity to opt out, the November 2018 TOU (like the November 2022 TOU, discussed below) are still not unconscionable. *See Howse*, 221 F. Supp. at 1344 ("[T]he presence of an adhesion contract alone does not require a finding of procedural unconscionability. There must be something more . . . .").

Littlejohn's argument regarding procedural unconscionability also fails because he was free to advertise his business on any platform he chose.  In the context of competitive marketplaces, there is no procedural unconscionability.  *Howse*, 221 F. Supp. at 1345

6

(DirectTV arbitration clause was not procedurally unconscionable where "purchaser is free to obtain television services from other providers or to not obtain television services at all"). In this case, he could have gone to a competitor like Angi's or Yelp to advertise his services. As this Court previously held regarding procedural unconscionability, when a party has the option of utilizing a competitor's services, concerns of unequal bargaining party are diminished. *Solis v. Am Express Nat'l Bank*, 2023 WL 4474322, at *3 (M.D. Fla. 2023) (plaintiff could have accessed alternative online services, so unequal bargaining power argument fails to support procedural unconscionability). At all times, Littlejohn had the option to take his business elsewhere, so the November 2018 (like the November 2022 TOU, discussed below) is not procedurally unconscionable.

Littlejohn's argument regarding substantive unconscionability fails because the Arbitration Provisions are mutual. "Determining whether a contract is substantively unconscionable requires a review of the contract's content." *Temple v. Best Rate Holdings LLC*, 360 F. Supp. 3d 1289, 1305 (M.D. Fla. 2018). Without citing the November 2018 TOU or Arbitration Provision, Littlejohn generally claims that the agreement favors Thumbtack over him. *See* Opp. at 1. But, as noted above, Littlejohn is could have opted out of the Arbitration Provision or taken his business elsewhere. Neither the Arbitration Provisions in particular, nor the November 2018 TOU in general, is unreasonably favorable to Thumbtack. To the contrary, the Arbitration Provision is largely mutual: both parties agreed to arbitrate disputes and there is no attorney fee shifting provision for non-frivolous claims. Thumbtack will even pay all arbitration fees above court costs. Even the exclusion from arbitration, for intellectual property disputes, is mutual: Littlejohn is entitled to broad protections for his New Beginnings plumbing company brand just like Thumbtack

is entitled to protections for its brand.  And even if Littlejohn could show that the Arbitration Provision is "less-even" or "not entirely reciprocal", that is not enough to support a finding of substantive unconscionability.  *See Temple v. Best Rate Holdings LLC*, 360 F. Supp. 1289 (M.D. Fla. 2018) (unequal terms do not necessarily equate to unconscionability).

### ii.  The November 2022 TOU Are Not Unconscionable

For similar reasons, if this Court decides to rule on unconscionability, this Court must reject any unconscionability arguments regarding the November 2022 TOU.[2]  There is no procedural unconscionability because the November 2022 TOU also gave him a full month to opt out of the Arbitration Provision.  And again, any concerns of equality of bargaining power are tempered by the fact that Thumbtack is in a highly competitive market and needs Pros like Littlejohn to use its platform.  If service professionals like Littlejohn believe that Thumbtack's terms are onerous, they always have the option of advertising their businesses with Thumbtack's competitors like Angi's or Yelp.

There is no substantive unconscionability because the November 2022 TOU includes the same reasonable and mutual Arbitration Provision as the November 2018 TOU. Therefore, if this Court chooses to consider the issue of unconscionability, it must find that Thumbtack's Arbitration Provisions are conscionable and must be enforced.

### D.  Littlejohn's Claims Should be Arbitrated

Littlejohn's argument that his Florida state claims are not arbitrable, Opp. 1, is itself subject to arbitration.  To the extent the Court finds those arguments outside the scope

---

[2] It was not clear from the Opposition that Littlejohn intended to include the November 2022 TOU in the unconscionability argument.  Thumbtack opposes such a finding in case that was the intent.

of the Arbitration Provisions, it still must reject Littlejohn's argument that arbitration "cannot be enforced where it would shield Florida Statutes or FDUTPA." [3]

The FAA requires enforcement of the agreement to arbitrate Littlejohn's statutory claims and Congress has not provided an explicit command to the contrary. *See Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S. Ct. 1647, 1652 (1991). It is Littlejohn's burden to show that Congress provided the explicit exclusion. *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1331 (11th Cir. 2014). In *Walthour*, involving federal statutes, the Eleventh Circuit held that statutory rights are presumed to be subject to arbitration, unless Congress has specifically excluded them. *Id*. Neither Congress nor the Florida Legislature have exempted the FDUTPA from arbitration. *See Aztec Med. Servs. v. Burger*, 792 So. 2d 617, 621 (Fla. Dist. Ct. App. 2001) (requiring arbitration of an FDUTPA claim where the party opposing arbitration claimed it was exempt). Federal courts, too, have compelled arbitration of FDUTPA claims. *Dimattina Holdings, LLC v. Steri-Clean, Inc.*, 195 F. Supp. 3d 1285, 1291 (S.D. Fla. 2016); *Phillips v. NCL Corp. Ltd.*, 824 F. App'x 675, 680 (11th Cir. 2020).

Littlejohn's remaining claims are also arbitrable. *See Mercury Telco Grp., Inc. v. Empresa De Telecommunicaciones De Bogota S.A. E.S.P.*, 670 F. Supp. 2d 1350, 1356 (S.D. Fla. 2009) (tortious interference claim subject to arbitration); *Lindo v. NCL (Bahamas), Ltd.*, 652 F.3d 1257, 1287 (11th Cir. 2011) (negligence claim subject to arbitration); *Northrop & Johnson Yachts-Ships, Inc. v. Royal Van Lent Shipyard, B.V.*, 855 F. App'x 468, 473 (11th Cir. 2021) (unjust enrichment claim subject to arbitration).[4]

---

[3] For purposes of this Reply, Thumbtack assumes that FDUPTA is a reference to the Florida Deceptive and Unfair Trade Practices Act.

[4] Count III of Littlejohn's Amended Complaint brings a claim for "commercial dilution and misrepresentation of professional status". *See* Compl. at ¶¶ 13-15. To the extent that is a valid

Littlejohn's remaining argument that arbitrating his claims would otherwise "undermine[] Florida public policy" because they "arise from Thumbtack's knowing dilution of licensed contractors…" is without merit. Any such dilution claim would fall under the scope of the parties' broad arbitration clause, and the very nature of arbitration is that private forums decide disputes based on state law. See Dkt. 8-1 at 11; Mot. Dkt. 8-2 at 24.

### E.  Littlejohn Can Seek All Appropriate Relief In Arbitration.

Any of Littlejohn's claims can be adjudicated by the arbitrator.  He inaccurately states that the arbitration clause would "retroactively bar six years of claims."  Opp. 2. Leaving aside that Thumbtack's records suggest his account activity began in 2019, and that he did not even seem to have an account in 2012, Littlejohn misapprehends the nature of arbitration. To the extent 2012-2018 claims survive the statute of limitations, any relief available in court would be available in arbitration.  Nothing is barred by nature of the case being resolved by arbitration.  And by their plain terms, the Arbitration Provisions apply to Littlejohn's claims, Dkt. 8-1 at 11; Dkt. 8-2 at 24.

### III.    CONCLUSION

WHEREFORE, Thumbtack respectfully requests that the Court enter an Order (i) requiring Plaintiff to arbitrate all of his claims; (ii) staying these proceedings pending such arbitration; and (iii) granting Thumbtack any other relief the Court deems just and proper.

*[Signature page to follow.]*

---

cause of action, Plaintiff's factual allegations fall into the broad scope of the arbitration clause because they arise out of Littlejohn's use of the Thumbtack platform and/or his relationship with Thumbtack.

**Dated:** October 22, 2025                              Respectfully submitted,

/s/ Johanes Maliza
Johanes Maliza (admitted *pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:   (216) 363-1503
                       jmaliza@beneschlaw.com


*Attorneys for Defendant Thumbtack, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on this 22nd day of October, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and served the same on the following via Certified Mail:

Dwayne Curtis Littlejohn
8802 Corporate Square Court, Suite 203
Jacksonville, FL 32216

> */s/ Johanes Maliza*
> *One of the Attorneys for Defendant*
> *Thumbtack Inc.*