UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DWAYNE CURTIS LITTLEJOHN,

    Plaintiff,

v.                           Case No.: 3:25-cv-1065-JEP-MCR

THUMBTACK, INC.,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before this Court on Plaintiff's "Renewed Motion to Remand" (Doc. 51) and Defendant's Opposition (Doc. 54) thereto.

In his motion, Plaintiff appears to contest this Court's subject matter jurisdiction on the basis that he "asserts claims grounded solely in Florida statutory and common law. No federal question is presented[.]" (Doc. 51 at 1). However, federal-question jurisdiction is not the only basis for subject matter jurisdiction. Pursuant to 28 U.S.C. § 1332, this Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

As Defendant points out in its opposition to Plaintiff's motion, Defendant's notice of removal is premised on diversity jurisdiction. (*See* Doc.

1, ¶ 5). The notice cites Plaintiff's allegations that "Plaintiff is a resident of Duval County, Florida," "Defendant is a California corporation with its principal place of business in San Francisco, California," and "[t]he Complaint seeks compensatory damages in excess of $2,000,000.00." (*Id.* ¶¶ 5(a)–(c)).

Although Plaintiff does not contest Defendant's citizenship or the amount in controversy, (*see* Doc. 51 at 1), Defendant further supplements the basis for diversity jurisdiction in this case. Specifically, Defendant asserts in its opposition that it "is a Delaware corporation with its principal place of business in San Francisco, California," Plaintiff "is a citizen of Florida," and "the amount in controversy exceeds $75,000."[1] (Doc. 54 at 8); *see also McCormick v. Aderholt*, 293 F.3d 1254, 1257–58 (11th Cir. 2002) ("Citizenship is equivalent to domicile for purposes of diversity jurisdiction." (quotation omitted)). Defendant also submits Thumbtack's State of California Corporate Statement of Information to establish the state of incorporation, (Doc. 55-1), and a sworn declaration by William Gerke stating that "[t]he San Francisco office serves as Thumbtack's headquarters and is the primary space out of which Thumbtack conducts business," (Doc. 55, ¶ 8); *see* 28 U.S.C. § 1332(c);

---

[1] While Plaintiff's complaint does not detail how this amount was calculated, Plaintiff alleges that his business was harmed, Defendant was unjustly enriched, and Defendant committed gross negligence. (*See* Doc. 1-1 at 10–11). Thus, this Court finds that, at this stage in the proceedings, it is not "a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

*Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1153 (11th Cir. 1985) ("[Section 1332] furnishes a dual base for citizenship: place of incorporation, and principal place of business."). Thus, this Court is satisfied, at this stage in the proceedings, that diversity jurisdiction exists in this case, and as such, this Court has subject matter jurisdiction.

In light of the foregoing, it is **ORDERED** that Plaintiff's "Renewed Motion to Remand" (Doc. 51) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida on February 27, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Copies:
*Pro Se* Party
Counsel of Record